**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13286

Non-Argument Calendar

_____

LEONARD P. MACHULAS,

*Plaintiff-Appellant,*

*versus*

SHELL POINT MORTGAGE COMPANY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:24-cv-00174-JRH-BKE

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Leonard Machulas appeals pro se from the district court's dismissal with prejudice of his complaint alleging that Shell Point Mortgage Company, LLC violated 15 U.S.C. §§ 1639g and 1639f by

increasing the balance on a mortgage after he paid the full balance, double charging him fees, and refusing to provide him with mortgage statements. Machulas argues that the district court dismissed his complaint because the court could not read or understand it, and that Shell Point failed to show that an error was made. After careful review, we affirm.

**I.**

Machulas filed a handwritten complaint against Shell Point, alleging that the company violated 15 U.S.C. §§ 1639g and 1639f by increasing the balance on a mortgage after he paid it in full, double charging him for late fees, failing to credit extra payments, and refusing to provide him with requested information.

He attached a statement of facts to his complaint, alleging that he had agreed to take over the mortgage payments on a trailer house owned by someone else in exchange for the title. Machulas learned the balance amount from the mortgage lender, Shell Point. He went to his bank to pay off the mortgage's balance and learned that Shell Point had increased the balance. He paid the balance but later learned that his payment was late, resulting in a late fee.

Machulas also attached to his complaint copies of correspondence with Shell Point, in which Shell Point stated that it never received his extra payments and refused to provide him with mortgage statements or account information because he was not the borrower. Machulas also attached copies of checks he sent to Shell Point, some of which he alleged that Shell Point cashed.

Shell Point moved to dismiss Machulas's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Machulas failed to allege a basis for federal question jurisdiction because his references to sections 1639g and 1639f were barebones. Shell Point added that the district court lacked diversity jurisdiction because Machulas alleged an insufficient amount in controversy. Shell Point also argued that Machulas's handwritten complaint failed to state a claim because it was illegible, indecipherable, and did not allow for any response. Moreover, Shell Point argued, Machulas was not a borrower on a loan that Shell Point serviced. Finally, Shell Point argued that Machulas did not properly serve it with process. Machulas opposed Shell Point's motion to dismiss, explaining that Shell Point had accepted his checks but had not sent him receipts.

The district court granted Shell Point's motion to dismiss, dismissing Machulas's complaint with prejudice. The district court explained that it was liberally construing Machulas's complaint as asserting claims under 15 U.S.C. § 1639g, which pertains to requests for payoff amounts of a home loan, and § 1639f, which pertains to requirements for crediting of home loan payments, and determined that it had federal question jurisdiction. However, the district court concluded that Machulas's complaint failed to state a claim for relief because he did not explain how his allegations created a basis for legal claims under the statutes.

Machulas filed a motion for reconsideration, arguing that the district court denied his motion to dismiss because of his pro se

status and disability. He explained that the district court had jurisdiction under "Fannie Mae" and under 15 U.S.C. §§ 1639g and 1639f, and that he stated a claim because Shell Point defrauded him and all his evidence was attached to his complaint. Shell Point opposed Machulas's motion for reconsideration, arguing that the district court correctly dismissed his complaint and that Machulas did not cite law or facts warranting reconsideration. The district court denied Machulas's motion for reconsideration, explaining that Machulas failed to provide new evidence or a change in controlling law, and that he failed to point out clear error.

Machulas timely appealed the dismissal order.

## II.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1255 (11th Cir. 2015).

## III.

Machulas argues that the district court erred in dismissing his complaint because the court did not understand his paperwork or what he stated in his complaint. We disagree.

First, even liberally construing Machulas's pro se brief, his appeal does not challenge the bases of the district court's dismissal order. "[I]ssues not briefed on appeal" by pro se litigants "are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th

Cir. 2008). To properly brief issues on appeal, a pro se litigant must "'plainly and prominently'" raise them, "'for instance by devoting a discrete section of his argument'" to them. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quoting *Cole v. U.S. Att'y Gen.,* 712 F.3d 517, 530 (11th Cir. 2013)). Machulas did not devote any portion of his argument to challenging the district court's conclusion that he failed to state a claim. The record does not support his argument that the district court failed to understand his claim or read his handwriting.

Second, having reviewed the record, we agree with the district court that Machulas failed to state a claim under 15 U.S.C. §§ 1639g and 1639f. Section 1639g provides that "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. § 1639g. Section 1639f relates to the crediting of payments "to the consumer's loan account." *See* 15 U.S.C. § 1639f(a). But, based on the complaint and the documents attached to it, Machulas was never a party to the loan that Shell Point serviced.

## IV.

For the reasons discussed, we **AFFIRM.**